UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANGELO LENA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRED FOULK, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-2276 TLN AC (TEMP) P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the court will grant plaintiff's request to proceed in forma pauperis.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

---

[1] On December 7, 2015, plaintiff filed a motion for an extension of time to file his in forma pauperis affidavit. Before the court had an opportunity to rule on plaintiff's motion, he filed his in forma pauperis affidavit. Good cause appearing, the court will grant plaintiff's motion for an extension of time nunc pro tunc and deem his in forma pauperis affidavit timely filed.

1

1  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments
2  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.
3  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
4  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
5  1915(b)(2).

## SCREENING REQUIREMENT

7       The court is required to screen complaints brought by prisoners seeking relief against a
8  governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §
9  1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims
10 that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
11 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
12 U.S.C. § 1915A(b)(1) & (2).

13      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
14 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
15 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
16 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
17 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
18 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
19 Cir. 1989); Franklin, 745 F.2d at 1227.

20      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
21 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
22 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
23 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
24 However, in order to survive dismissal for failure to state a claim a complaint must contain more
25 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
26 allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550
27 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
28 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

1  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
2  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
3         The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

7  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
8  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
9  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
10 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
11 meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or
12 omits to perform an act which he is legally required to do that causes the deprivation of which
13 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
14        Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
15 their employees under a theory of respondeat superior and, therefore, when a named defendant
16 holds a supervisorial position, the causal link between him and the claimed constitutional
17 violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
18 Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations
19 concerning the involvement of official personnel in civil rights violations are not sufficient.  See
20 Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

21 **PLAINTIFF'S COMPLAINT**

22        Plaintiff has identified twenty prison officials as the defendants in this action.  His
23 complaint is 89 hand-written pages and is difficult to decipher.  Plaintiff appears to allege that,
24 since 2013, prison officials have retaliated against him for filing legal actions against prison
25 officials.  For example, plaintiff appears to allege that prison officials have stolen his legal
26 materials, placed him on continuous lockdowns, denied him outdoor exercise and medical care,
27 and transferred him to prisons away from his family.  In terms of relief, plaintiff requests
28 declaratory relief, injunctive relief and monetary damages.  (See generally Compl. at 1-89.)

# DISCUSSION

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743. Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey, 673 F.2d at 268.

In any amended complaint plaintiff elects to file, he must clarify what constitutional right he believes each defendant has violated and support each of his claims with factual allegations about each defendant's actions. The court stresses that any amended complaint he files must be short and plain and comply with Rule 8 of the Federal Rules of Civil Procedure. See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131–32 (9th Cir.2008) (a complaint that is "so verbose, confused, and redundant that its true substance, if any, is well disguised" violates Rule 8).

/////

The court advises plaintiff of the following legal standards that appear to govern the claims he wishes to assert in this action. First, as to plaintiff's First Amendment retaliation claim, the Ninth Circuit has made clear that:

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). In any amended complaint plaintiff elects to file, he will need to allege facts that indicate that defendants were aware of his prior engagement in protected conduct and that his protected conduct was "the 'substantial' or 'motivating' factor" behind their alleged misconduct. Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). Generally speaking, a retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after this, therefore because of this." See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000). In other words, the fact that adverse action followed protected conduct is not enough to establish retaliatory motive. Plaintiff must allege specific facts and circumstances that demonstrate the existence of such a motive.

Second, insofar as plaintiff wishes to proceed on an Eighth Amendment claim, he is advised that the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). In order to prevail on a cruel and unusual punishment claim, a prisoner must prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

Prisoners have a constitutional right to outdoor exercise under the Eighth Amendment. See Thomas v. Ponder, 611 F.3d 1144 (9th Cir. 2010) ("Exercise is one of the most basic human necessities protected by the Eighth Amendment."); LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993). Long-term denial of outdoor exercise can rise to the level of a constitutional

1    violation.  See Spain v. Procunier, 600 F.2d 189 (9th Cir. 1979).  However, it is also true that

2    "prison officials are authorized and indeed required to take appropriate measures to maintain

3    prison order and discipline and protect staff and other prisoners. . . ."  LeMaire, 12 F.3d 1458.

4         Likewise, prisoners have a constitutional right to adequate medical care.  However, to

5    maintain an Eighth Amendment claim based on inadequate medical care, plaintiff must allege

6    facts showing defendants acted with deliberate indifference to his serious medical needs.  See

7    Estelle v. Gamble, 429 U.S. 97 (1976).  In the Ninth Circuit, a deliberate indifference claim has

8    two components:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  This second prong – defendant's response to the need was deliberately indifferent – is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." (internal citations omitted)

16   Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  See also Wood v. Housewright, 900 F.2d

17   1332, 1334 (9th Cir. 1990) ("In determining deliberate indifference, we scrutinize the particular

18   facts and look for substantial indifference in the individual case, indicating more than mere

19   negligence or isolated occurrences of neglect.").

20        Plaintiff is cautioned that, in applying the deliberate indifference standard, the Ninth

21   Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the

22   indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or

23   'medical malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d

24   458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  In addition, mere differences of

25   opinion between a prisoner and prison medical staff as to the proper course of treatment for a

26   medical condition do not give rise to a § 1983 claim.  See Snow v. McDaniel, 681 F.3d 978, 988

27   (9th Cir. 2012); Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v.

28   McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989);

1  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

2  Delays in providing medical care may manifest deliberate indifference. See Estelle, 429
3  U.S. at 104-05.  To establish a deliberate indifference claim arising from a delay in providing
4  medical care, however, a plaintiff must allege facts showing that the delay was harmful.  See
5  Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); Hunt v. Dental Dep't, 865 F.2d 198, 200
6  (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.
7  1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would
8  provide additional support for the inmate's claim that the defendant was deliberately indifferent to
9  his needs." Jett, 439 F.3d at 1096.

10  Finally, the undersigned observes that plaintiff has identified a number of supervisory
11  officials as defendants in this action.  As noted above, supervisory personnel are generally not
12  liable under § 1983 for the actions of their employees under a theory of respondeat superior.  The
13  Ninth Circuit has made clear that a supervisory defendant may be held liable under § 1983 only
14  "'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2)
15  a sufficient causal connection between the supervisor's wrongful conduct and the constitutional
16  violation.'" Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885
17  F.2d 642, 646 (9th Cir.1989)).  If plaintiff wishes to proceed against any supervisory defendants,
18  he will need to allege facts in his amended complaint clarifying the causal connection between
19  these defendants and his alleged constitutional deprivations.

20  Plaintiff is informed that the court cannot refer to a prior pleading in order to make
21  plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be
22  complete in itself without reference to any prior pleading.  This is because, as a general rule, an
23  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th
24  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any
25  function in the case.  Therefore, in any amended complaint plaintiff elects to file, as in an original
26  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
27  /////
28  /////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (ECF No. 10) is granted nunc pro tunc. Plaintiff's application to proceed in forma pauperis is deemed timely.

2. Plaintiff's application to proceed in forma pauperis (ECF No. 11) is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Plaintiff's complaint is dismissed.

5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that is no longer than twenty-five(25) pages in length; the amended complaint must comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

6. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: May 10, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE